UNITED STATES DISTRICT COURT **CV 13 - 7154**
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

MARIO MATOS,                                    DKT#:

                    Plaintiff,        <u>COMPLAINT</u>

    - against -                            <u>JURY TRIAL DEMANDED</u>

                                 <u>ECF CASE</u>

CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT and       **GARAUFIS, J.**
POLICE OFFICER MARVIN ESSON (TAX ID 947747),
POLICE OFFICER "JOHN DOE" #1 through #3,
individually and in their official capacity
(the name "John Doe" being fictitious, or an alias,
as the true names are presently unknown),

                    Defendants.

------------------------------------------------------------x

       Plaintiff, MARIO MATOS, by his attorney, Law Office of SOPHIA SOLOVYOVA, PC,

complaining of the defendants, respectfully sets forth and alleges that:

<u>INTRODUCTION</u>

    1.  Plaintiff brings this action for compensatory damages, punitive damages, and attorney's

fees pursuant to 42 U.S.C §§ 1983, 1985, and 1988, for violations of Plaintiff's civil rights under

the said statutes and the Constitutions of the State of New York and the United States.

<u>JURISDICTION</u>

    2.  The jurisdiction of this Court is invoked pursuant to the provisions of 42 USC 1983, 42

U.S.C § 1985(3) and the First, Fourth, Fifth, Eighth, and Fourteenth Amendment to the

Constitution of the United States.

    3.  Plaintiff's claims for attorney's fees and costs are predicated upon 42 U.S.C § 1988 and

42 U.S.C § 2000, which authorize the award of attorney's fees and costs to the prevailing parties

pursuant to 42 U.S.C § 1983.

1

4.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C § 1331, in that this is a civil suit arising under the Constitution of the United States.

5.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C § 1343(a), in that this action seeks to redress the deprivation, under color of state law, of rights secured to Plaintiff by the First, Eight and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

## VENUE

6.  Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that Plaintiff resides within this District as well as the fact that this is the District in which the claim arose.

## JURY DEMAND

7.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

8.  Plaintiff, MARIO MATOS, is a Hispanic male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

9.  Plaintiff is an employee Federal Express Corporation (hereinafter "FedEx"). At the time of the occurrence giving rise to the present claim, Plaintiff was performing his duties as a driver for FedEx.

10. Defendant, The City of New York, was and is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

11. The City of New York maintains the New York City Police Department, authorized to perform all functions of a police department as per the applicable section of the New

2

York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

12. That at all times hereinafter mentioned, the individually named defendants, POLICE OFFICER Marvin Esson and POLICE OFFICER "JOHN DOE" #1 through #3 were duly sworn police officers of the City of New York Police Department and were acting under the supervision of said department and according to their official duties.

13. That at all relevant times, the defendants, either personally or though their employees, were acting under color of state law and /or in compliance with the official rules, laws, regulations, statutes, usages and/or practices of the State of New York and the City of New York.

14. That each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope and in the furtherance of their employment by defendant, City of New York.

15. Upon information and belief, Defendant Police Officer John Doe #1 through 3, a natural person, was an employee of Defendant City and is being sued individually and in his or her official capacity.

<u>FACTUAL ALLEGATIONS</u>

16.     On or about August 2, 2013, at approximately 7:20 PM, the Plaintiff was dispatched by his employer, FedEx corporation, to the Barclays Center at 620 Atlantic Ave, Brooklyn, NY 11217 to pick up packages scheduled for delivery.  Plaintiff was wearing a FedEx uniform with a FedEx name badge on his sleeve and was operating a FedEx truck. The FedEx badge on the Plaintiff's sleeve contained the Plaintiff's name and picture, and Fedex logo.

17.     Upon driving up to the loading dock located behind the Barclays Center, the

3

Plaintiff saw a police officer and asked the officer if he could briefly park his truck in front of the loading dock in order to pick up FedEx packages. The Officer responded that the plaintiff would need to ask the Barclays Center security guard who was standing nearby.

18.     The plaintiff asked the security guard if he could park by the loading dock so he could run into the Center to pick up packages, the security guard responded that the plaintiff could not park in front of the loading dock.

19.     The plaintiff then moved his truck past the loading dock entrance so that he was no longer in front of it.  He got out his truck and started walking to the loading dock to pick up any packages.

20.     The plaintiff was immediately approached by the police officer and the security guard who stated that the plaintiff could not park his truck in the location he had left it.

21.     Adhering to the requests of the police officer and the security guard, the plaintiff moved his FedEx truck across the street from the loading dock. The then walked towards the loading dock to pick up packages.

22.     Three police officers walked towards the plaintiff and stated that he could not park in that location either.  The plaintiff adhered to the requests of the police officers and parked his truck around the corner to Sixth Avenue, roughly one block away from the loading dock.

23.     The plaintiff then walked past the same three police officers and went inside the loading dock of the Barclays Center to check if there were any packages left for pick up. Seeing that there were no packages left for pick up (the last package had been picked up by a driver who did deliveries earlier that day) the plaintiff walked out of the loading dock and proceeded walking towards his FedEx truck.

24.     As the plaintiff passed the three police officers he had encountered earlier that

4

evening, one of the police officers, Officer Esson came up to the plaintiff and demanded to see the plaintiff's identification.

25.     The plaintiff asked the Officer for the reason he was requesting to see his identification. The plaintiff's Fedex identification, which was displayed on the sleeve of the plaintiff's uniform, had his name and picture. Without responding, Officer Esson grabbed the plaintiff by his shirt and handcuffed him.

26.     Officer Esson never explained to the plaintiff why he arrested him. When the plaintiff asked Officer Esson why he was arresting him, Officer replied that the plaintiff "was asking too many questions and was being disrespectful."

27.     Officer Esson also added that "I get out at 11:30pm and you can meet me in front of the station." The plaintiff understood this to be a direct threat.

28.     Officer Esson also stated that he was sure the plaintiff had outstanding warrants. The plaintiff, who had no criminal record, had never been arrested before, and had never had a speeding ticket, was made to feel that the officer was targeting him because of his race.

29.     Officer Esson escorted the plaintiff to the 78th Precinct. On the way to the precinct, Officer Esson saw the plaintiff's FedEx truck parked on Sixth Avenue and directed another police officer to issue a ticket for a parking violation.

30.     At the precinct, the plaintiff was told to remove his shoelaces. The plaintiff asked Officer Esson if he may take a seat to remove his shoelaces, and the Officer stated the plaintiff was not allowed to sit down and made the plaintiff remove his shoe laces while standing.

31.     The plaintiff was searched and placed in a holding cell in the precinct for approximately 2 hours from 7:30pm to 9:20pm.

32.     He asked for permission to call his wife since she would certainly be worried

about the plaintiff.  However, the plaintiff's requests were denied.

33.     The plaintiff was not allowed to call his employer, FedEx corporation, to notify them of his arrest.

34.     At about 9:30 P.M., Officer Esson handed the plaintiff summons for Disorderly conduct (PL 240.20) and released him.

35.     On October 1, 2013, the charge against plaintiff was dismissed and sealed.

36.     Prior to his arrest by Officer Esson, the plaintiff had never been arrested or cited for a traffic violation.

37.     As a result of his arrest, the plaintiff was placed on suspension by FedEx for the first time in four years of his employment.  Although his suspension was eventually, it was a deeply humiliating and stressful experience for the plaintiff.

38.     To date, Plaintiff suffers from fear of the police and memories of humiliation.

39.     As a result of the foregoing, the Plaintiff sustained inter alia, pain, suffering, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, loss of enjoyment and use of his residence, loss of use and enjoyment of his property, incurred monetary costs, and deprivation of his constitutional rights.

FIRST CLAIM FOR RELIEF
VIOLATION OF FEDERAL CIVIL RIGHTS UNDER 42 USC 1983

40.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" though "39" with the same force and effect as if fully set forth herein.

41.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

6

42.     All of the aforementioned acts deprived plaintiff MARIO MATOS of rights, privileges and immunities guaranteed to citizens of the Untied states by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the Untied States of America and in violation of 42 U.S.C. 1983.

43.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

44.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of the City of New York and the New York Police Department, all under the supervision of ranking offers of said department.

45.     Defendants collectively and individually, while acting under color of state law, engaged in conduct, which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. 1983

46.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" though "45" with the same force and effect as if fully set forth herein.

47.     As a result of defendants' aforementioned conduct, the Plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

48.     As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and the plaintiff was put in fear for his safety, was humiliated and subjected to

handcuffing, strip-search, and other physical restraints and inappropriate touching, all without probable cause and plaintiff sustained loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment, and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

### THIRD CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 USC 1983

49.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" though "48" with the same force and effect as if fully set forth herein.

50.    Defendants were directly involved in the initiation and continuation of criminal proceedings against MARIO MATOS.

51.    Defendants lacked probable cause to initiate and continue criminal proceedings against MARIO MATOS.

52.    Defendants acted with malice in initiating and continuing criminal proceedings against MARIO MATOS.

53.    Notwithstanding the conduct of the Defendants, the criminal proceedings were terminated in MARIO MATOS's favor when all criminal charges against him were dismissed.

54.    As a result of the foregoing, the Plaintiff's liberty was restricted for an extended period of time and the plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, search, and other physical restraints and inappropriate touching, all without probable cause and plaintiff sustained loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment, and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 USC 1983

55.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" though "54" with the same force and effect as if fully set forth herein.

56.     Defendants issued legal process to detain Plaintiff and subject him to an unlawful seizure of his person, to an illegal and unlawful arrest, and to unlawfully subject his property to a search and seizure.

57.     Defendants' actions were designed to obtain a collateral objective outside the legitimate ends of the legal process.

58.     Defendants acted with intent to do harm to MARIO MATOS without excuse or justification.

59.     As a result of the foregoing, the Plaintiff's liberty was restricted for an extended period of time and the plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, search, and other physical restraints and inappropriate touching, all without probable cause and plaintiff sustained loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment, and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF
## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS UNDER 42 USC 1985

60.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" though "59" with the same force and effect as if fully set forth herein.

61.     Each and all of Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to engage in the conduct set forth above, in violation of 42 U.S.C. 1985, for which the defendants are individually liable.

## SIXTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 USC 1983

9

62.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" though "61" with the same force and effect as if fully set forth herein.

63.     Defendants, including CITY OF NEW YORK, POLICE OFFICER Marvin Esson and POLICE OFFICER "JOHN DOE" #1 through #3, subjected Plaintiff to a false arrest and malicious prosecution.

64.     The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto and pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York, under the supervision of ranking officers of the New York City Police Department.

65.     The aforementioned customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, including but are not limited to the following unconstitutional practices:

>   (a)  Failing to properly train, in general;
>
>   (b)  Failing to supervise police officers;
>
>   (c)  Subjecting persons to violations of their constitutionally protected rights;
>
>   (d)  Subjecting persons to false arrest;
>
>   (e)  Subjecting persons to malicious prosecution.

66.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

67.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were

directly responsible for the violation of Plaintiff's constitutional rights, for which the City of New York is liable.

DAMAGES AND RELIEF REQUESTED

68.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" though "67" with the same force and effect as if fully set forth herein.

69.     All of the foregoing acts by defendants deprived MARIO MATOS of federally protected rights, including, but not limited to, the right:

A. Not to be deprived of liberty without due process of law;

B. To be free from seizure and arrest not based upon probable cause;

C. To be free from unwarranted and malicious criminal prosecution;

D. To receive equal protection under the law.

70.     By reason of the aforesaid conduct by defendants, Plaintiff is entitled to the sum of three hundred thousand dollars ($300,000) in compensatory, punitive damages, plus attorney's fees pursuant to 42 U.S.C. 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

71.     WHEREFORE, Plaintiff demands judgment against the Defendants pursuant to the federal causes of action above, in the sum of THREE HUNDRED THOUSAND DOLLARS ($300,000.00) in compensatory damages, and THREE HUNDRED THOUSAND DOLLARS ($300,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action, and with interest at the legal rate from the date the cause of action accrued.

72.     WHEREFORE, plaintiff demands judgment against the Defendants, pursuant to the state law causes of action above, in the sum of THREE HUNDRED THOUSAND DOLLARS ($300,000.00) in compensatory damages, and THREE HUNDRED THOUSAND

11

DOLLARS ($300,000.00) in punitive damages, together with the costs and disbursements of this action, and with interest at the legal rate from the date the cause of action accrued.

Dated:  New York, NY
        December 10, 2013

                                        By:

                                             Sophia Solovyova, Esq.
                                           Attorney(s) for the Plaintiff
                                           32 Broadway, Suite 1310
                                           New York, NY 10004
                                           (917) 279-0134

12